Shauck, J.
The correct rule as to the obligation of the plaintiff under his contract of employment appears to have been given to the jury in the general terms of the charge. And the instruction that the defendants in order, to justify a rescission of the contract before the expiration of the time, were required to show the unjustifiable absence of the plaintiff from their place of business seems to be unobjectionable. But it is insisted that the defendants should not have been required to show that such unreasonable ab *142 sence resulted in actual injury to their business. There being no evidence of such actual injury, the instruction upon that point was equivalent to a direction to return a verdict for the plaintiff. Such direction might have been given with entire propriety if proof of actual injury was, in a correct view of the law, essential to the defense.
It is, however, manifest that in giving this instruction the trial judge failed to discriminate between a cause of discharge and a cause of action. The established rule upon the subject is that the employer may discharge for misconduct whose necessary tendency is to the injury of his business. If the discharge had been for the plaintiff’s misconduct while present and attending to his duties, nothing more could have been required of the defendants in that respect than to show misconduct having such tendency. Such was the inevitable tendency of the plaintiff’s absence from the place where his duties were to be performed. Nothing should have been required of the defendants below except to show that the admitted absence of the plaintiff was without reasonable excuse. Jerome v. Queen City Cycle Co., 163 N. Y., 351.

Judgment reversed.

Burket, Davis and Price, JJ., concur.